# IN IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Alexis Benson and Kevin Carberry, Sr., on behalf of minor child K.C., Jr., <br><br> Plaintiffs, <br><br> vs. <br><br> Fort Mill Schools/York County District 4, Amy Maziarz, Kristy Spears, Michele Branning, Anthony Boddie, Wayne Bouldin, Scott Frattaroli, Celia McCarter, Brian Murphy, James Epps, Savannah Srager, Emma Sheppard, LaVonda Williams, Brittney Koback, Jennifer Grant, and Douglas Dent, <br><br> Defendants. | C/A No.: 0:22-614-SAL-SVH <br><br><br><br><br><br><br><br> REPORT AND RECOMMENDATION AND ORDER |

    Alexis Benson ("Benson") and Kevin Carberry, Sr. ("Carberry") (collectively "Plaintiffs"), on behalf of their minor child, K.C.,[1] ("Plaintiffs"), proceeding pro se and in forma pauperis, filed this action alleging violations of K.C.'s constitutional rights and several other federal statutes. Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit

---

[1] To protect the minor child, the court refers to him by the initials.

findings and recommendations to the district judge.

I.   Background

On February 22, 2022, Plaintiffs filed their original complaint in the United States District Court for the District of North Carolina, Western Division ("North Carolina District Court"). [ECF No. 1]. Plaintiffs' allegations primarily concern treatment received by K.C. in his public education setting since March 2020. *See id.* at 1, 4–13 ("From March 2020 until present day, [K.C.] has been in denial of [free appropriate public education ("FAPE")] as well as the many other rights afforded to him . . . ."). Plaintiffs state they filed a due process complaint under the Individuals with Disabilities Education Act ("IDEA") on August 18, 2021. *Id.* at 9. Following an adverse ruling, Plaintiffs appealed and received a favorable ruling, which the school district did not appeal; however, Plaintiffs allege "[t]he District continues to be adverse and difficult in abiding with the Law." [ECF No. 1 at 10–12; *see also* ECF No. 1-2 at 23 (decision of the state review officer against Fort Mills School District finding that K.C.'s "educational program and placement were then not designed to provide him a FAPE . . . .")].

Plaintiffs bring multiple claims against multiple defendants, seeking in part

> damages arising out of due process ruling of denial of FAPE through IDEA; practices of excessive corporal punishment; emotional and psychological abuse on a child with disabilities;

2

> Negligence, Retaliation, [Health Insurance Portability and Accountability Act ("HIPPA")], Conspiracy and collusion, Nuremberg Code, and Numerous Constitutional violations . . . . Section 504 of the Rehabilitation Act of 1973, as amended 29 U.S.C. § 794 (Section 504) [("Rehabilitation Act")] and the American with Disabilities Act, 42 U.S.C. § 12101 et seq. [("ADA")].

*Id.* at 1–3; *see also id.* at 13–21 (listing claims as (1) negligence, (2) retaliation, (3) Eighth Amendment violation, (4) ADA violation, (5) denial of FAPE, (6) "irreparable harm and defamation," and (7) conspiracy and obstruction.

On February 28, 2022, the case was transferred to this court based on Plaintiffs' allegations that South Carolina is where the issues substantially arose. [ECF No. 7].

On March 3, 2022, the court issued an order advising Plaintiffs they may not proceed pro se to represent their minor child unless one of them was an attorney licensed in this court. [ECF No. 11]. While Plaintiffs have the authority to litigate their own claims pro se, *see* 28 U.S.C. § 1654, they do not have the authority to litigate on another's behalf. *See Myers v. Loudoun Cnty. Pub. Schs.*, 418 F.3d 395, 401 (4th Cir. 2005) ("[N]on-attorney parents generally may not litigate the claims of their minor children in federal court."); *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) ("[W]e consider the competence of a layman representing himself to be clearly too limited to allow him to risk the rights of others.").

3

Plaintiffs failed to find representation for K.C., and the undersigned recommended this matter be dismissed with prejudice ("recommendation I"). [*See* ECF No. 13]. Thereafter, based on Plaintiffs' objections, the undersigned issued an order partially vacating recommendation I, noting that although Plaintiffs cannot proceed on behalf of their minor child, they can proceed on their own behalf. [ECF No. 20 at 2–3 (citing *Winkelman v. Parma City School Dist.*, 550 U.S. 516, 528–29 (2007) (holding that IDEA creates an independent claim for parents, but declining to rule that the IDEA entitles parents to litigate their children's claims pro se)]. The court additionally directed Plaintiffs to show cause why the instant case should not be consolidated with another case they filed, *Benson v. Fort Mill Schools/York County District 4*, C/A No. 0:22-1912-SAL-SVH ("*Benson II*"). *See id.* at 3.[2]

Plaintiff filed no response to the court's show cause order. On August 31, 2022, the undersigned issued an additional report and recommendation ("recommendation II"), recommending consolidation of this case ("*Benson I*") and *Benson II*. [ECF No. 23]. Recommendation II was filed in both *Benson I*

---

[2] On June 16, 2022, Plaintiffs filed *Benson II* against many of the same defendants as found in the instant case, as well as the South Carolina Board of Education, Molly Spearman, Carolina Neuro Services, and P. Jeffery Ewart ("Additional Defendants"). On page 4 of the complaint in *Benson II*, Plaintiffs include a heading stating, "Statement of Facts Con'd from Complaint Filed 2/22/2022," arguing generally, as found on page 2, that Defendants "violated and continue to violate" the IDEA, the Rehabilitation Act, and the ADA. Plaintiffs list the same seven causes of action as found in

4

and *Benson II*.

Following the issuance of recommendation II, the court received the following motions from Plaintiffs: four motions to amend/correct the complaint [ECF Nos. 25, 26, 27, 32],[3] a motion for reconsideration concerning the court's prior ruling denying Plaintiffs' motion to appoint counsel [ECF No. 29], a motion entitled "Request for Consolidation/Rule to Show cause, Motion Change of Venue" [ECF No. 31], and a motion entitled "Request for Consolidation, Rule to Show cause, Motion Change of Venue, Objection to 2nd Report and Rec." [ECF No. 33].[4]

Considering Plaintiffs' additional filings, the undersigned vacates recommendation I and II (as found in both *Benson I* and *Benson II*) and orders and recommends the following.

II. Discussion

    A.    Magistrate Judge Jurisdiction

As an initial matter, the court addresses Plaintiffs' argument that they are not subject to "Magistrate Judge jurisdiction":

> [T]he subject of the jurisdiction of a US magistrate Judge is a concern. In provision of Title 28 US code 636(c) that a Magistrate

---

*Benson I*.

[3] Although Carberry failed to sign the operative complaint in *Benson I*, he signed the operative complaint in *Benson II* and has signed all motions currently pending before the court.

[4] Plaintiffs additionally filed one motion to amend/correct complaint in *Benson II*.

judge can only be used if ALL parties voluntarily consent. We did NOT consent.

[ECF No. 30 at 4 (punctuation and emphasis in original), *see also, e.g.*, ECF No. 26 at 8–9].

Although Plaintiffs are correct that 28 U.S.C. § 636(c) provides that a magistrate judge may "conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case" "[u]pon the consent of the parties," the statute also provides in relevant part as follows:

> (b)(1) Notwithstanding any provision of law to the contrary—
>
> (A) a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.
>
> (B) a judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A), of applications for posttrial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement.
>
> (C) the magistrate judge shall file his proposed findings and recommendations under subparagraph (B) with the court and a copy shall forthwith be mailed to all parties.

28 U.S.C.A. § 636(b)(1) (footnote omitted); *see also, e.g., Settle v. Slager*, 628 F. App'x 206 (4th Cir. 2016) ("Settle's consent was not required before the district court referred to the magistrate judge for a non-dispositive ruling . . . ."); *Samuel v. Ozmint*, C/A No. 3:07-178-PMD, 2008 WL 512736, at *4 (D.S.C. Feb. 25, 2008) (collecting cases and holding the plaintiff's "consent was not required in order for the Magistrate Judge to issue a Report and Recommendation").

Here, too, Plaintiffs' consent is not required for the undersigned to issue orders as to nondispositive issues or to issue report and recommendations as to dispositive issues.

B.   Motions to Consolidate *Benson I* and *Benson II*

Fed. R. Civ. P. 42(a) provides that "[i]f actions before the court involved questions of law or fact, the court may . . . consolidate the actions . . . ."[5] *Benson I* and *Benson II* involve parallel facts and parties, are assigned to the same district judge, and are in similar procedural postures.

Plaintiffs do not oppose consolidation of *Benson I* and *Benson II*, and, in fact, request consolidation. [*See, e.g.*, ECF No. 30 at 2–3]. The undersigned grants Plaintiffs' motions to consolidate *Benson I* and *Benson II*. [*See* ECF

---

[5] A "magistrate judge has the authority to rule on a consolidation request as a non-dispositive motion." *Hoffman v. Genpact*, C/A No. 3:22-00009, 2022 WL 584497, at *2 (M.D. Pa. Feb. 25, 2022); *see also, e.g., Texas Dep't of Transportation v. Canal Barge Co.*, C/A No. 4:20-00868, 2020 WL 4335787, at

Nos. 31, 33].

    C.    Motions to Amend

Leave to amend should be freely granted under Fed. R. Civ. P. 15(a), and amendments are generally accepted absent futility, undue prejudice, or bad faith. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Matrix Capital Mgmt. Fund, LP v. BearingPoint, Inc.*, 576 F.3d 172, 193 (4th Cir. 2009). The court can deny a motion to amend a complaint "if amending the complaint would be futile, that is, 'if the proposed amended complaint fails to satisfy the requirements of the federal rules.'" *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008) (citation omitted).

Here, Plaintiffs have filed, in total, five motions to amend in both *Benson I* and *Benson II*. However, Plaintiffs have failed to include any reasons for the amendments or identify any changes among the various documents. [*Compare* ECF No. 25 (33 pages) *with* ECF No. 26 (18 pages) *with* ECF No. 27 (38 pages) *with* ECF No. 32 (37 pages)].

At this time, Plaintiffs' motions to amend are denied without prejudice. [ECF Nos. 25, 26, 27, 32]. To the extent Plaintiffs wish to file an amended complaint, they should file one proposed amended complaint, as well as a motion to amend with the reasons for the amendments and detailing any changes that have been made from the original complaints as filed in *Benson*

---

*1 n.1 (S.D. Tex. July 28, 2020) (collecting cases).

*I* and *Benson II*, now the operative complaint in this case as discussed more below.[6]

### D. Motion to Change Venue

A motion to transfer venue does not explicitly fall within any of the dispositive motions set forth in 28 U.S.C. § 636(b)(1)(A). This omission has led to a split of opinion as to whether a magistrate judge has the authority to order a transfer of venue to another district. Within this district, there are cases in which the magistrate judge has ordered the transfer of venue (*e.g.*, *Feralloy Corp. v. Spig Industry, Inc.*, C/A No. 2:09-3028-RMG-BM, 2010 WL 3432283 (D.S.C.2010); and *Realson v. University Medical Pharmaceuticals Corp.*, C/A No. 4:09-3277-TLW-TER, 2010 WL 1838911 (D.S.C.2010)), and other cases in which the magistrate judge has prepared a Report and Recommendation on the motion to transfer venue (*e.g.*, *Massi v. Lomonaco*, C/A No. 0:10-265-CMC-PJG, 2010 WL 2429234 (D.S.C.2010); *Hayes v. Paschall Truck Lines, Inc.*, C/A No. 3:09-1869-JFA-JRM, 2010 WL 2757227 (D.S.C.2010); and *Thomas v. Lockheed Martin Corp.*, C/A No. 6:06-1342-HMH-BHH, 2006 WL 2864423 (D.S.C.2006)).

If the motion to transfer venue is considered nondispositive, the more

---

[6] Plaintiffs are reminded that an amended complaint replaces the original complaint and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.")

deferential standard of "clearly erroneous or contrary to law" found in 28 U.S.C. § 636(b)(1)(A) applies to an appeal of the magistrate judge's transfer order. If the motion is considered dispositive, the magistrate judge should enter a Report and Recommendation under 28 U.S.C. § 636(b)(1)(B), pursuant to which objections are considered on a de novo standard of review under Fed. R. Civ. P. 72.

In the absence of governing Fourth Circuit precedent, the undersigned elects to submit, pursuant to 28 U.S.C. § 636(b)(1)(B), a Report and Recommendation subject to de novo review rather than a final order on the motion. This approach preserves the prerogative of Plaintiffs to argue, and the district judge to determine, whether to review the undersigned's opinion under a de novo or clearly erroneous standard of review.

Here, Plaintiffs argue this case should be transferred back to the North Carolina District Court because (1) the majority of the litigants are physically closer to Charlotte, North Carolina, than Columbia, South Carolina, (2) "[t]here is no ethical way for the petitioners to have a just trial" in the state where they are bringing claims against the state, and (3) three of the defendants named have North Carolina addresses. [*See* ECF No. 30 at 2–3].

Plaintiffs do not dispute, as found by the presiding judge in transferring this case from the North Carolina District Court, that South

---

(citation and internal quotation marks omitted).

Carolina is where "a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). This court is the most appropriate venue for this case and (1) has access to witnesses related to Plaintiffs' claims, (2) has access to relevant evidence, and (3) is equipped to apply South Carolina law to any possible state-law claims. Reasons offered by Plaintiffs do not counsel a different conclusion. For these reasons, the undersigned recommends the district judge deny Plaintiffs' motion to change venue.

E.     Renewed Motion to Appoint Counsel

Plaintiffs have filed a motion for reconsideration of the court's previously-issued order denying their motion to appoint counsel, arguing they are unable to afford counsel at this time. [ECF No. 29]. While "[t]he court may request an attorney to represent any person unable to afford counsel," 28 U.S.C. § 1915(e)(1), "there is no absolute right to appointment of counsel" in civil cases. *Hall v. Holsmith*, 340 F. App'x 944, 946 (4th Cir. 2009). The court has discretion over whether to appoint counsel and should do so only "where the case . . . presents exceptional circumstances." *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by *Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296 (1989). The circumstances presented by Plaintiffs are true for most cases filed pursuant to 28 U.S.C. § 1915, and, thus, are not "exceptional." Accordingly, Plaintiffs' renewed

11

motion to appoint counsel is denied.[7]

F.  Pro Se Representation of Minor Child

As previously stated by the court, Plaintiffs do not have the authority to litigate on behalf of their minor child. Plaintiffs argue otherwise, citing *Winkelman v. Parma City School Dist.*, 550 U.S. 516 (2007) and *Goleta Union Elementary Sch. Dist. v. Ordway*, 248 F. Supp. 2d 936 (C.D. Cal. 2002), for the proposition that they are allowed to proceed on their own behalf as well as on behalf of their minor child as to their claims grounded in the IDEA. [ECF No. 27 at 35, *see also, e.g.*, ECF No. 30 at 1–2].

Turning first to *Winkelman*, as stated by the Court, the case concerned "whether parents, either on their own behalf or as representatives of the child, may proceed in court unrepresented by counsel," further stating as follows:

> Resolution of this issue requires us to examine and explain the provisions of IDEA to determine if it accords to parents rights of their own that can be vindicated in court proceedings, or alternatively, whether the Act allows them, in their status as parents, to represent their child in court proceedings.

*Winkelman*, 550 U.S. at 520. The Court determined that because the "IDEA grants parents independent, enforceable rights," the Court "need not reach petitioners' alternative argument, which concerns whether IDEA entitles

---

[7] As previously stated by this court, the South Carolina Bar has a lawyer referral service Plaintiffs may wish to contact. [ECF No. 10 at 2].

12

parents to litigate their child's claims pro se." *Id.* at 533, 535. Thus, the Court did not decide that the IDEA allows a parent proceeding pro se to litigate on behalf of their minor child.

Plaintiffs repeatedly cite to the non-binding concurrence in *Winkelman*, but no argument made there assists them where the concurrence argued that the Court allowed parents to proceed in IDEA cases beyond what was justified by the statutory text:

> I would hold that parents have the right to proceed *pro se* under the [IDEA] when they seek reimbursement for private school expenses or redress for violations of their own procedural rights, but not when they seek a judicial determination that their child's free appropriate public education (or FAPE) is substantively inadequate . . . .
>
> The Court goes further, however, concluding that parents may proceed pro se not only when they seek reimbursement or assert procedural violations, but also when they challenge the substantive adequacy of their child's FAPE—so that parents may act without a lawyer *in every IDEA case. See ante*, at 2003 – 2006. In my view, this sweeps far more broadly than the text allows . . . .

*Id.* at 535–36, 538 (Scalia, J., concurring in the judgment in part).

Similarly, the *Goleta* court held that parents have a free-standing right to enforce all of the procedures of IDEA. *Goleta*, 248 F. Supp. 2d at 942. This holding does not address the issue of whether Plaintiffs are allowed to litigate on behalf of their minor child, and the parents in *Goleta* were not proceeding pro se or otherwise attempting to litigate on behalf of their minor child.

13

Plaintiffs have not cited to precedent allowing a pro se parent to litigate on behalf of their minor child. Instead, binding precedent has held otherwise. *See, e.g., M.D. v. Sch. Bd. of City of Richmond*, 560 F. App'x 199, 202 (4th Cir. 2014) ("To ensure minors' rights are vigorously and competently protected, we have squarely held that non-attorney parents are barred from representing their children in federal court.") (citing *Myers*, 418 F.3d at 401)); *see also, e.g., MTJH by & through Jeter-Hillstock v. Spartanburg Cnty. Dist. 7, McCarthy Teszler Sch.*, C/A No. 7:19-00981-BHH-JDA, 2019 WL 2331645, at *2 (D.S.C. May 8, 2019) ("while the Supreme Court has held that '[p]arents enjoy rights under IDEA; and they are, as a result, entitled to prosecute IDEA claims on their own behalf,' . . . courts in the Fourth Circuit have consistently required parents to secure counsel to litigate claims asserted solely on behalf of a minor child") (collecting cases), report and recommendation adopted sub nom. *MTJH by & through Jeter-Hillstock v. Spartanburg Cnty. Dist. 7*, C/A No. 7:19-981-BHH, 2019 WL 2324586 (D.S.C. May 31, 2019); *Bryant v. Pottstown Sch. Dist.*, C/A No. 21-2886, 2021 WL 4893368, at *3 n.3 (E.D. Pa. Oct. 20, 2021) (collecting cases).

Based on a review of the complaints filed in both *Benson I* and *Benson II*, as well as Plaintiffs' arguments, the undersigned recommends the district judge allow Plaintiffs' IDEA claim asserted on their own behalf to proceed against Fort Mill School District/York County District 4 and South Carolina

Board of Education and dismiss all other claims asserted by Plaintiffs, as well as any IDEA claim Plaintiffs assert on behalf of their minor child.[8] *See, e.g., R.F. by & through E.F. v. Cecil Cnty. Pub. Sch.*, 919 F.3d 237, 250 (4th Cir. 2019) (affirming dismissal of IDEA claim asserted by parents against Cecil County Public Schools); *see also Dunn-Fischer v. Dist. Sch. Bd. of Collier Cnty.*, C/A No. 2:10-512-FTM-29, 2011 WL 4632568, at *8 (M.D. Fla. Aug. 30, 2011) ("[U]nder the IDEA, proper parties include school boards and agencies receiving federal funds who are involved in the provision of special education services, not individuals who are employed by such boards or

---

[8] Plaintiffs make passing reference to additional claims that they may be asserting on their own behalf as follows: (1) violation of HIPPA, the Constitution, and the Nuremberg code when they were asked at a hearing if they were vaccinated and were told to, but did not, wear masks; (2) discrimination based on certain defendants expressing at the hearing Plaintiffs' belief in reincarnation, criticizing such a belief, and (3) defamation based on "false accusations, assumptions in claims regarding the personal life of The Carberry Benson family." [ECF No. 1 at 10, 19]. To the extent that Plaintiffs are asserting these claims on their own behalf, the undersigned recommends dismissal of these claims in that Plaintiffs have alleged insufficient facts to support their claims. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

agencies."), report and recommendation adopted, C/A No. 2:10-512-FTM-29, 2011 WL 4632490 (M.D. Fla. Oct. 5, 2011); *Bryant* 2021 WL 4893368, at *4 n.4 ("In general, the only proper parties on an IDEA claim are state educational agencies, state agencies, or local educational agencies, like a local school district or state education department.").[9]

Where the Fourth Circuit has not addressed whether a plaintiff may bring an IDEA claim against a school official in his or her individual capacity, and out of an abundance of caution, the undersigned also recommends Plaintiffs' IDEA claims proceed against the following school officials in their individual capacities: Amy Maziarz, James Epps, Emma Sheppard, LaVonda Williams, Brittney Koback, Jennifer Grant, and Douglas Dent.[10] *See, e.g.,*

---

[9] Any IDEA claim Plaintiffs may assert against individual school official defendants in their official capacities would be duplicative of the IDEA claim brought against Fort Mill School District/York County District 4 and South Carolina Board of Education. *See Z.G. by & through C.G. v. Pamlico Cnty. Pub. Sch. Bd. of Educ.*, 744 F. App'x 769, 780 (4th Cir. 2018) ("Because a claim against a public official in his official capacity is 'essentially a claim against' the governmental entity that the official represents, the district court correctly dismissed as duplicative the claims against the individual defendants in their official capacities.") (citing *Love-Lane v. Martin*, 355 F.3d 766, 783 (4th Cir. 2004)). Accordingly, the undersigned recommends dismissal of any IDEA claim against individual defendants brought against them in their official capacities.

[10] The undersigned has not included school officials ("omitted officials") who are not alleged to have acted in any way in either of the complaints filed in *Benson I* or *Benson II*. To the extent Plaintiffs sue school officials in their supervisory capacities, they have failed to state a claim under 42 U.S.C. § 1983. The doctrine of supervisory liability is generally inapplicable to § 1983 suits, such that an employer or supervisor is not liable for the acts of his

*Stanek v. St. Charles Cmty. Unit Sch. Dist. No. 303*, 783 F.3d 634, 644 (7th Cir. 2015) ("We draw the line, however, at the IDEA claims, which should have gone forward at this stage. We have not found a decision from any circuit holding that individual school employees cannot be personally liable for violating IDEA . . . . We offer no opinion on the issue now, because it is relatively undeveloped."); *Goleta*, 248 F. Supp. 2d at 944 (holding a school official in her individual capacity liable to the parents for her violation of the student's IDEA pursuant to 42 U.S.C. § 1983); *but see Mueller v. Henrico Cnty. Sch. Bd.*, C/A No. 3:18-848, 2019 WL 3860199, at *4 (E.D. Va. Aug. 16, 2019) ("the IDEA does not create individual liability"); *Justice ex rel. Son v. Farley*, C/A No. 5:13-343, 2014 WL 229127, at *8 (E.D.N.C. Jan. 21, 2014) (stating that the IDEA "[does] not create individual liability") (citing *J.W. v. Johnston Cty. Bd. Of Educ.*, C/A No. 5:11-707, 2012 WL 4425439, at *6

---

employees, absent an official policy or custom that results in illegal action. *See Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978); *Fisher v. Washington Metro. Area Transit Authority*, 690 F.2d 1133, 1142–43 (4th Cir. 1982). The Supreme Court explains that "[b]ecause vicarious liability is inapplicable to § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *see Slakan v. Porter*, 737 F.2d 368, 372–74 (4th Cir. 1984) (finding officials may be held liable for the acts of their subordinates, if the official is aware of a pervasive, unreasonable risk of harm from a specified source and fails to take corrective action as a result of deliberate indifference or tacit authorization). Plaintiffs do not allege omitted officials are responsible for, or even aware of, the issues about which they complain.

(E.D.N.C. Sept. 24, 2014))), aff'd per curiam *Justice v. Farley*, 569 F. App'x 181, 182 (4th Cir. 2014).

III.   Conclusion and Recommendation

The undersigned vacates recommendation I and II, denies without prejudice Plaintiffs' motions to amend [*Benson I*, ECF No. 25, 26, 27, 32], and denies Plaintiffs' motion for reconsideration of the order denying their motion to appoint counsel [ECF No. 29]. The court grants in part Plaintiffs' motions to the extent they seek consolidation of *Benson I* and *Benson II*. [*Benson I*, ECF Nos. 31, 33].

These cases are consolidated, and the undersigned directs the Clerk of Court to 1) file the *Benson II* complaint as a supplement to the *Benson I* complaint as one separately-docketed new entry; 2) add South Carolina Board of Education as a defendant; 3) terminate all motions in *Benson II*, as they have been decided in *Benson I*; and 4) close *Benson II* as duplicative.

To the extent that Plaintiffs seek to change venue, the undersigned recommends the district judge deny these motions in part. [*Benson I*, ECF Nos. 31, 33]. The undersigned further recommends the district judge allow Plaintiffs' IDEA claim asserted on their own behalf to proceed against Fort Mill School District and the South Carolina Board of Education, as well as the following school officials in their individual capacities: Amy Maziarz, James Epps, Emma Sheppard, LaVonda Williams, Brittney Koback, Jennifer

18

Grant, and Douglas Dent. Finally, the undersigned recommends the district judge dismiss all other claims asserted by Plaintiffs, as well as any IDEA claim Plaintiffs attempt to assert on behalf of their minor child.

    IT IS SO RECOMMENDED AND ORDERED.

*Shiva V. Hodges*

October 6, 2022  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).